UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: ABA LAW SCHOOL
ACCREDITATION LITIGATION                                            MDL No. 2855


ORDER DENYING TRANSFER


**Before the Panel**:[*] ABA defendants[1] in the three actions listed on Schedule A move under 28 U.S.C. § 1407 to centralize litigation brought by certain for-profit law schools challenging the ABA's accreditation determinations. Defendants seek centralization in Western District of North Carolina or, alternatively, the Middle District of Florida. Plaintiff law schools,[2] owned by parent company plaintiff InfiLaw Corp., oppose centralization and, alternatively, suggest selection of the Middle District of Florida as the transferee forum.

After considering all arguments of counsel, we conclude that Section 1407 centralization of this litigation is not necessary. The actions involve nearly identical legal challenges of certain ABA Standards governing law school accreditation that were invoked in the ABA's adverse accreditation decisions concerning three InfiLaw-owned for-profit law schools. In addition, the actions share factual questions arising from plaintiffs' allegations that Department of Education and ABA officials were biased against for-profit law schools and that DOE officials pressured or coerced ABA officials to take adverse actions against the law schools' accreditation status. But, in litigation such as this, where only a few actions are involved, the proponent of centralization bears a heavier burden to demonstrate that centralization is appropriate. *See In re: Transocean Ltd. Sec. Litig. (No. II)*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010). Moving defendants have failed to do so here.

There are only three actions in this litigation, and the parties are represented by common counsel. No potential tag-along actions have been filed, and none are likely because InfiLaw owns only these three schools. Resolution of the cases likely will hinge on legal questions (such as whether the ABA can be considered a state actor and whether its accreditation standards are unenforceably vague), the resolution of which may not require discovery. The question of whether discovery should be allowed into purported anti-InfiLaw bias by decisionmakers and other officials, though common to all cases, is not itself a factual dispute. Common legal questions are insufficient

---

[*] Judge Lewis A. Kaplan took no part in the decision of this matter.

[1] The American Bar Association, the ABA's Council of the Section of Legal Education and Admissions to the Bar, and the Accreditation Committee of the Section of Legal Education and Admissions to the Bar.

[2] Florida Coastal School of Law, Charlotte School of Law and Arizona Summit Law School.

- 2 -

to satisfy Section 1407's requirement of common factual questions. *See, e.g., In re: Envtl. Prot. Agency Pesticide Listing Confidentiality Litig.*, 434 F. Supp. 1235, 1236 (J.P.M.L.1977) (denying centralization and noting that "the predominant, and perhaps only, common aspect in these actions is a legal question of statutory interpretation"). Although plaintiffs seek efficiencies through centralized treatment of disputed legal questions, "[m]erely to avoid [different] federal courts having to decide the same issue is, by itself, usually not sufficient to justify Section 1407 centralization." *In re: Medi-Cal Reimbursement Rate Reduction Litig.*, 652 F. Supp. 2d 1378, 1378 (J.P.M.L. 2009); *see also In re: Real Estate Transfer Tax Litig.*, 895 F. Supp. 2d 1350, 1351 (J.P.M.L. 2012) (same).

If needed as this litigation progresses, various mechanisms are available to minimize or eliminate the possibility of duplicative discovery in the absence of an MDL. Notices of deposition can be filed in all related actions; the parties can stipulate that any discovery relevant to more than one action can be used in all those actions; and the involved courts may direct the parties to coordinate other pretrial activities. *See, e.g., In re: Eli Lilly & Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978); MANUAL FOR COMPLEX LITIGATION, Fourth, § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion for Section 1407 centralization of the actions listed on Schedule A is denied.

PANEL ON MULTIDISTRICT LITIGATION

*Sarah Vance*
Sarah S. Vance
Chair

Marjorie O. Rendell      Charles R. Breyer
Ellen Segal Huvelle      R. David Proctor
Catherine D. Perry

IN RE: ABA LAW SCHOOL
ACCREDITATION LITIGATION                                           MDL No. 2855

## SCHEDULE A

District of Arizona

ARIZONA SUMMIT LAW SCHOOL LLC, ET AL. v. AMERICAN BAR
ASSOCIATION, ET AL., C.A. No. 2:18‑01580

Middle District of Florida

FLORIDA COASTAL SCHOOL OF LAW, INC., ET AL. v. AMERICAN BAR
ASSOCIATION, ET AL., C.A. No. 3:18‑00621

Western District of North Carolina

CHARLOTTE SCHOOL OF LAW, LLC, ET AL. v. AMERICAN BAR
ASSOCIATION, ET AL., C.A. No. 3:18‑00256